UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

CHARLES HENFIELD; and BELINDA GUISINTANNER HENFIELD,

                                Plaintiffs,

              -against-

THE CITY OF NEW YORK; COMMISSIONER RAYMOND W. KELLY; SERGEANT CLAYTON; POLICE OFFICER WILLIAM J. RYAN, Shield # 30855; SERGEANT LARRY CHAMBERS; and POLICE OFFICER JOHN DOES # 1-5; the individual defendants sued individually and in their official capacities,

                                Defendants.

**FIRST AMENDED COMPLAINT**

05 CV 6100 (CPS) (SMG)

ECF Case

Jury Trial Demanded

------------------------------------------------------------------------ X

## PRELIMINARY STATEMENT

      1.      This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The claims arise from an incident, which occurred on or about October 10, 2005 in Brooklyn, New York. During the incident the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiffs to, among other things, false arrest, excessive force, unlawful search and seizure, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, unconstitutional conditions of confinement, fabricated evidence, conspiracy, harassment, unconstitutional conditions of confinement, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. A notice of claim, for each plaintiff, was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiffs' claims. Moreover, this action was filed within one year and 90 days of the incidents that are the basis of this case.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because the acts in question occurred in Kings County and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5. Plaintiff Charles Henfield is a resident of the State of New York, Kings County.

6. Plaintiff Belinda Guisintanner Henfield is a resident of the State of New York, Kings County.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

8. Defendant Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiffs' rights as described herein.

9. Defendant Cynthia Clayton is a New York City Police Sergeant employed with the 75th Precinct, 802 Command and/or PSA-2 Command located in Brooklyn, New York who violated plaintiffs' rights as described herein.

10. Defendant Larry Chambers is a New York City Police Sergeant employed with the 75th Precinct, 802 Command and/or PSA-2 Command located in Brooklyn, New York who violated plaintiffs' rights as described herein.

11. Defendant William J. Ryan is a New York City Police Officer ("P.O."), assigned Shield # 30855 and Tax # 935668, employed with the 75th Precinct, 802 Command and/or PSA-2 Command located in Brooklyn, New York who violated plaintiffs' rights as described herein.

12. Defendant Police Officer John Does # 1-5 are New York City Police Officers employed with the 75th Precinct, 802 Command and/or PSA-2 Command located in Brooklyn, New York who violated plaintiffs' rights as described herein.

13. The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

14. The following is a summary set forth for the purpose of demonstrating, averring, and providing notice of plaintiffs' claims against the defendants. Plaintiffs have not set forth each and every fact concerning the incident and claims described below.

15. On October 10, 2005, at approximately between 11:30 p.m. to 12:00 a.m. at, and in the vicinity of, 455 Fountain Avenue, Apt. # 6G, Brooklyn, New York, several police

officers of the 75th Precinct, 802 Command, and/or PSA-2 Command, including, Sergeant Clayton, P.O. William J. Ryan, P.O. Grupski, and Police Officer John Does # 1-5 committed the following illegal acts against plaintiffs.

16. Plaintiffs Charles Henfield and Belinda Guisintanner Henfield were in their home located at 455 Fountain Avenue, Apt. # 6G, Brooklyn, New York when Sergeant Clayton, P.O. William J. Ryan, P.O. Grupski, and Police Officer John Does # 1-5 without either consent, an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime unlawfully entered plaintiffs' home.

17. While inside 455 Fountain Avenue, Apt. # 6G, Brooklyn, New York, Sergeant Clayton, P.O. William J. Ryan, P.O. Grupski, and Police Officer John Does # 1-5 without either consent, an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime, took plaintiff Charles Henfield into custody, falsely arresting plaintiff.

18. Once the defendants unlawfully entered 455 Fountain Avenue, Apt. # 6G, Brooklyn, New York, plaintiffs were not free to disregard the defendants' questions, walk way or leave the apartment.

19. During the arrest of plaintiff Charles Henfield (a young man dressed only in shorts and socks, and who offered no resistance to the defendant officers' actions), defendants Sergeant Clayton, P.O. William J. Ryan, P.O. Grupski, and Police Officer John Does # 1-5 maliciously, gratuitously, and unnecessarily struck plaintiff, threw plaintiff onto the floor causing him to strike his chest and right knee, subjected claimant to excessively tight handcuffs, grabbed plaintiff about the body, and struck plaintiff while handcuffed, propelling him into an elevator. These acts caused lacerations, soreness, and pain to plaintiff. Those defendants who did not

touch plaintiff witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

20. In addition, after plaintiffs Charles Henfield and Belinda Guisintanner Henfield complained that the defendants' conduct was illegal, the defendants, in retaliation of plaintiffs' free speech, pepper sprayed plaintiff Charles Henfield in the face while he was handcuffed, causing further pain and illness. Those defendants who did not touch plaintiff witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

21. When Belinda Guisintanner Henfield complained about this illegal use of pepper spray, defendants Sergeant Clayton, P.O. William J. Ryan, P.O. Grupski, and Police Officer John Does # 1-5 officers maliciously, gratuitously, and unnecessarily pepper sprayed and violently shoved plaintiff (a middle aged woman who offered no resistance to defendant's actions) into a wall causing her to strike and injure her back. Those defendants who did not touch plaintiff witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

22. Sergeant Clayton supervised the above-described misconduct of the police officer defendants.

23. Thereafter, with Sergeant Clayton's approval, the defendants transported plaintiff Charles Henfield to the 75th Precinct for arrest processing before he was removed to Brooklyn Central Booking to await arraignment.

24. While plaintiff Charles Henfield was incarcerated at the 75th Precinct and Brooklyn Central Booking, the defendants pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiff Charles Henfeild had committed a

5

crime, and based on the officers' false allegations the Kings County District Attorney's Office decided to prosecute plaintiff under Complaint # 2005KN065705.

25. Further, while at Brooklyn Central Booking plaintiff Charles Henfield was subjected to depraved, filthy, and inhumane conditions of confinement, including overcrowding, temperature extremes, and toilet facilities that overflowed onto the floor.

26. The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees, including plaintiff Charles Henfield, who sought their assistance.

27. At plaintiff Charles Henfield's arraignment, he was released on his own recognizance.

28. After appearing in the matter, the charges against plaintiff Charles Henfield were adjourned in contemplation of dismissal.

29. The individual defendants acted in concert in committing these illegal acts toward plaintiffs.

30. At no time prior to or during the above incidents, did the individual defendants observed any suspicious, unlawful or criminal activity inside 455 Fountain Avenue, Apt. # 6G, Brooklyn, New York.

31. At no time prior to or during the above incidents, were the individual defendants provided with information or witness exigent circumstances justifying entry into 455 Fountain Avenue, Apt. # 6G, Brooklyn, New York without a search or arrest warrant.

32. Plaintiffs did not resist arrest at any time during the above incidents.

33. Plaintiffs did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

34. The individual defendants did not observe plaintiffs engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

35. At no time prior to or during the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person that plaintiffs had engaged in suspicious, unlawful or criminal conduct.

36. The aforesaid events were not an isolated incident. Defendants Sergeant Clayton and Commissioner Raymond W. Kelly have been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper use and justification: to use force, utilize chemical agents, investigate domestic incidents, enter homes without warrants, and manage innocent and/or uninvolved individuals who are found in and/or at a location that is the subject an inquiry, investigation and/or incident. Sergeant Clayton and Commissioner Kelly are further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, Sergeant Clayton and Commissioner Kelly have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

37. Moreover, Sergeant Clayton and Commissioner Kelly were aware prior to the incident that the defendant officers lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Commissioner Kelly has retained these officers, and failed to adequately train and supervise them.

38. As a result of defendants' actions plaintiffs experienced personal and physical injuries (including injuries to Charles Henfield's face, throat, torso, knee, and wrists, and Belinda Guisintanner Henfield's face, throat, eyes, and back), pain and suffering, fear, an

invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

## FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

39. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

40. The conduct of defendant officers, as described herein, amounted to false arrest, excessive force, unlawful search and seizure, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, unconstitutional conditions of confinement, fabricated evidence, conspiracy, harassment, unconstitutional conditions of confinement, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

41. The conduct of the defendant officers, as described herein, violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985(3), First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by committing false arrest, excessive force, unlawful search and seizure, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, unconstitutional conditions of confinement, fabricated evidence, conspiracy, harassment, unconstitutional conditions of confinement, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

42. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants

were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights secured by 42 U.S.C. §§ 1983 and 1985(3), First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

43. As a direct and proximate result of the misconduct and abuse detailed above, plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

44. The plaintiffs are also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiffs' rights.

**FEDERAL AND STATE CLAIMS AGAINST DEFENDANT KELLY**

45. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

46. Commissioner Kelly is liable, in his official capacity, to plaintiffs because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervising subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

47. Commissioner Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations, that the officers sued in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

48.     Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial action.

49.     The aforesaid conduct by defendant Kelly violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by failing to retrain the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the defendant subordinate officers work, or at Kelly's Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass and assault those who question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

50.     As a direct and proximate result of the misconduct and abuse detailed above, plaintiffs experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

51.     The aforesaid conduct of defendant Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

**FEDERAL AND STATE CLAIMS AGAINST
THE CITY OF NEW YORK**

52.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

53.     The City of New York directly caused the constitutional violations suffered by plaintiffs.

54.     Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from NYPD's own observations, that the individuals

10

involved in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

55. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, retrain, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass, assault citizens without consequence. Indeed, when citizens file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

56. The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

57. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

58. Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper,

including injunctive and declaratory relief.

DATED:    New York, New York
               June 28, 2006

                                  MICHAEL O. HUESTON, ESQ.
                                  *Attorney for Plaintiffs*
                                  350 Fifth Avenue, Suite 6110
                                  New York, New York 10118
                                  (212) 643-2900
                                  mhueston@nyc.rr.com
                                  By:

                                  _____
                                  MICHAEL O. HUESTON (MH-0931)